In re CANAVERAL SEAFOODS, INC. f/k/a Island Crab Co., a/f/k/a Canaveral Fishermans Supply, Inc., a/f/k/a Canaveral Seafoods, Inc., Debtor.

Bankruptcy No. 86–2247–BKC–6P1.

United States Bankruptcy Court, M.D. Florida, Orlando Division.

Sept. 3, 1987.

Jeffry R. Jontz, Orlando, Fla., for Caribank Leasing.

Michael G. Williamson, Orlando, Fla., for debtor.

### MEMORANDUM OPINION

GEORGE L. PROCTOR, Bankruptcy Judge.

The matter under consideration is a Motion to Value Claim of CARIBANK LEASING CORPORATION ("Caribank") filed by the Debtor. In considering the Debtor's motion the Court addressed the following four issues:

1. Whether the "Equipment Lease" between the Debtor and Caribank was a "true" lease subject to § 365 of the Bankruptcy Code or a financing arrangement subject to § 506 of the Bankruptcy Code;

2. If the "Equipment Lease" is a financing arrangement, the value of Caribank's collateral;

3. Whether or not Caribank would be entitled to post-petition interest and attorneys fees pursuant to § 506(b) of the Bankruptcy Code; and

4. How should the adequate protection payments made by the Debtor apply to Caribank's claim?

Turning to the issue of whether the Equipment Lease is a "true" lease or a financing arrangement the Court must consider the nature of Caribank's interest. Caribank argued that the Equipment Lease is a "true" lease, and accordingly, the pro-

visions of § 365 of the Bankruptcy Code apply. Conversely, the Debtor argued that the Equipment Lease is a financing arrangement often called a "financing" or "capital" lease.

In determining whether a lease is a "true" lease, courts have traditionally focused on whether or not the lease contains an option to purchase. If the lease contains an option to purchase for a nominal sum at the end of the lease term, then it is argued that the lessee has been purchasing the item over the term of the lease and, thus, it is a financing arrangement and not a true lease.

■ In this case, the Equipment Lease has a purchase option of $1.00. The testimony of Caribank's own witness showed that the total amount financed was $135,689.92 and the total amount of lease payments by the Debtor over the full term of the lease would be $182,782.00. Caribank further admitted that this resulted in a rate of return of 14.77%. This return can factually be characterized as interest. Caribank's witness further testified that there were other types of leases and stated that this lease was *not* a closed end or operating lease. Under these other types of leases, the Debtor would have been able to pay a lower lease payment but would either have had no option to purchase at the end of lease term, or if given an option, it would have been one which would have required the Debtor to pay full fair market value for the property. Therefore, this Court finds that the Equipment Lease is a financing arrangement and not a true lease. Accordingly, § 365 of the Bankruptcy Code does not apply.

Having found that § 365 does not apply we must next value the security for Caribank's claim under § 506. In valuing the security, it is important to emphasize that it is Caribank's interest, the creditor, that is valued under § 506(a) of the Bankruptcy Code. Secondly, the valuation of the collateral is determined as of October 17, 1986, the date the Chapter 11 petition was filed. In this regard the Court considered valuation testimony from both Caribank and the Debtor and found neither to be determina-

tive. However, considering the evidence the Court finds that the value of Caribank's security as of the date of the Petition is $80,000.

■ The next issue which must be addressed by this Court is the question of Caribank's attorneys fees and interest pursuant to § 506(b) which provides in pertinent part:

(b) To the extent that an allowed secured claim is secured by property the value of which ... is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which the claim arose.

11 U.S.C. § 506(b).

Caribank was owed $103,000 by the Debtor on October 17, 1986. Pursuant to § 506 of the Bankruptcy Code, Caribank is only the holder of a secured claim to the extent of the value of its interest in the collateral. Caribank's claim on October 17, 1986 has been valued by this Court at $80,000. Therefore, Caribank is not entitled to attorneys fees and interest under § 506(b) of the Bankruptcy Code.

■ Finally, this Court must determine how the adequate protection payments should be applied in this case. On January 23, 1987, this Court entered an Order on Motion for Relief from the Automatic Stay by Caribank Leasing Corporation. Adequate protection payments of $3,000 were awarded to Caribank. As of the time of the hearing on the instant motion six payments had been made.

Caribank took the position and argued that the amount paid by the Debtor represents its "lost opportunity costs." *See, In re American Mariner Industries, Inc.,* 27 B.R. 1004 (Bankr. 9th Cir.1983). The Debtor argued there are no "lost opportunity costs" to Caribank and the adequate protection payments were not interest and should be applied as a direct reduction, dollar for dollar, of the value of Caribank's claim. *See, In re Timbers of Inwood Forest Associates, Ltd.,* 808 F.2d 363 (5th Cir. 1987). This Court has continuously re-

jected the reasoning of "lost opportunity costs" in *American Mariner* and agrees with the persuasive and logical reasoning in the *Timbers of Inwood Forest* case.

Accordingly, the $80,000 value of Caribank's claim will be reduced by the amount of adequate protection payments received by Caribank, less five percent (5%) which will be applied to sales and/or use tax. Moreover, all future adequate protection payments will also be applied in such a manner that ninety five percent (95%) of the payments shall be applied to reduce the principal amount of the claim, and five percent (5%) shall be applied to the sales and/or use tax applicable to the transaction.

A separate order will be entered in accordance with the foregoing.

## ORDER ON MOTION TO VALUE CLAIM OF CARIBANK LEASING CORPORATION

This matter came on to be heard on August 5, 1987 on the motion of CANAVERAL SEAFOODS, INC., f/k/a ISLAND CRAB CO., a/f/k/a CANAVERAL FISHERMANS SUPPLY, INC., a/f/k/a CANAVERAL SEAFOODS, INC. ("Canaveral Seafoods, Inc."), the Debtor-in-Possession in the above-captioned case, to value the claim of Caribank Leasing Corporation. Based upon the motion, and the evidence adduced at the hearing, it is,

ORDERED AND ADJUDGED AS FOLLOWS:

1. Canaveral Seafood, Inc.'s motion to Value Claim of Caribank Leasing Corporation is granted and the value of the claim on October 17, 1986 was $80,000.

2. The Equipment Lease entered into by Canaveral Seafoods, Inc. and Caribank Leasing Corporation is determined to be a financing agreement and not a "true" lease.

3. Caribank Leasing Corporation is not entitled to post-petition interest and attorneys fees on its claim pursuant to § 506(b) of the Bankruptcy Code because it is an undersecured creditor.

4. The adequate protection payments of $18,000 made by Canaveral Seafoods, Inc. will be applied in the amount of $17,142.84 against the $80,000 value of Caribank Leasing Corporation's claim and $857.16 shall be applied toward sales and/or use tax applicable to this transaction, making the current claim value $62,857.16. All future adequate protection payments will be applied ninety five percent (95%) in reduction of the principal amount of Caribank Leasing Corporations's claim, and five percent (5%) applied towards towards sales and/or use tax applicable to the transaction.