**In re PRESTIGE DISTRIBUTORS, INC., Debtor.**

**Bankruptcy No. 87–1010–BKC–6P1.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Aug. 1, 1988.

Laurie K. Weatherford, Orlando, Fla., for debtor.

Tompkins A. Foster, Orlando, Fla., for Van Hellemont.

Raymond J. Rotella, Orlando, Fla., for Cred. Comm.

Elizabeth A. Elin, Orlando, Fla., for Freedom Federal.

## MEMORANDUM OPINION

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon Motion to Value Security filed by Robert Van Hellemont ("Van Hellemont") on January 12, 1988. A hearing on the motion was held June 22, 1988, and the Court finds:

### FACTS

On May 20, 1987, Van Hellemont filed a Motion for Relief from Stay, to Modify Stay, for Replevin, and for Adequate Protection. Thereafter, the movant and debtor entered into a stipulation for adequate protection which included a provision granting Van Hellemont "a post-petition security interest of the same nature and to the extent as the security interest held by Van Hellemont prior to the filing of the Petition."

The adequate protection agreement gave Van Hellemont a second priority security interest in all of debtor's present and after-acquired equipment, inventory, furniture, fixtures, accounts, general intangibles, chattel paper, leasehold improvements, goods, instruments; and the proceeds thereof were subordinate to the lien of Freedom Savings and Loan.

At the hearing on motion to value, the parties stipulated that the value of movant's claim was $236,509.07. The issue before the Court is to value, pursuant to 11 U.S.C. § 506, the secured portion of that claim.

### DISCUSSION

Section 506(a) of the Bankruptcy Code provides, in relevant part:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim.

Ordinarily, the value of a secured creditor's claim is determined as of the petition date. *In re Adams*, 2 B.R. 313 (Bkrptcy.M.

D.Fla.1980); *In re Canaveral Seafoods, Inc.*, 79 B.R. 57 (Bkrtcy.M.D.Fla.1987). Here, however, the parties have agreed to value the claim as of the hearing date, June 22, 1988. The Court is willing to accept this date for valuation purposes. The parties have also agreed that the first lienholder, Freedom Savings and Loan, has a secured claim against the estate of $271,970.00.

At the hearing, an appraisal by Ramsey & Sons of debtor's inventory was offered by debtor and admitted into evidence. That report placed a value of $276,145.00 on those items. The Court finds this to be a fair and accurate appraisal. By deducting the value of Freedom Savings and Loan's secured claim against those assets, Van Hellemont's interest in inventory and equipment comes to $4,175.00.

Van Hellemont introduces figures taken from debtor's April, 1988, monthly financial statement as evidence of the value of the accounts receivables, cash proceeds and deposits. These figures indicate a value of $47,242.97 for cash proceeds and $147,773.32 for accounts receivables. Combining these figures with the appraised value of debtor's inventory and equipment and deducting Freedom's secured claim of $271,970.00 would allow a secured claim of $199,191.29.

The debtor disputes these figures and suggests that the true value of the cash proceeds and accounts receivable is much lower. Specifically, debtor's president, Richard E. Plymale, testified that as of June 22, 1988, the value of the accounts receivable was $77,000.00 and that cash proceeds were $6,000.00. Debtor's president then testified that some $2,500.00 of debtor's inventory and equipment was encumbered by leases. If the Court were to accept debtor's testimony as to valuation, the value of Van Hellemont's secured claim would be $84,775.06.

■ The Court is unwilling to accept either of these figures. First, the Court has reservations about using four month old assessments as to value when both parties agreed to value the collateral as of the hearing date. Secondly, there is no independent supporting evidence that these estimates are accurate.

■ Similarly, the Court finds debtor's testimony to be wholly inadequate. This testimony was based on an "interim report" prepared by the debtor which showed approximately $77,000.00 to $87,000.00 in accounts receivable and some $6,000 in cash. This "interim report" was never introduced into evidence and debtor's president himself admitted on cross-examination that the report was probably inaccurate. The Court finds, therefore, that this evidence lacks credibility and is insufficient to support a finding as to valuation.

Due to this lack of evidence, the Court will schedule further hearings on this matter and counsel for both parties will be instructed to provide credible, reliable and independent evidence as to the value of accounts receivable and cash as of the hearing date. The Court is willing to accept the appraisal done by Ramsey & Sons as the value of debtor's inventory and equipment.

The Court will enter a separate order in accordance with this opinion.