[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10219
Non-Argument Calendar

_____

D.C. Docket Nos. 8:19-cv-00679-SCB,
8:13-bk-09698-CPM

In Re: Lazarus Holdings, LLC,

Debtor.

_____

J.O. DELOTTO & SONS, INC.,
SAFECO INSURANCE COMPANY OF AMERICA,

Plaintiffs - Appellants,

versus

LAZARUS HOLDINGS, LLC,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 7, 2020)

Before MARTIN, ROSENBAUM and DUBINA, Circuit Judges.

PER CURIAM:

This is an appeal from a final order of the district court affirming the bankruptcy court's order denying Appellants' motion for attorneys' fees following the confirmation of an arbitration award made pursuant to the Federal Arbitration Act ("FAA").  After reviewing the record and reading the parties' briefs, we affirm the district court's order.

## I.

The Debtor/Appellee, Lazarus Holdings, LLC ("Lazarus") filed for bankruptcy under Chapter 11, and Appellants, J.O. DeLotto & Sons and Safeco Insurance Company (referred to collectively as "DeLotto"), filed a claim for money due under their construction contract.  The contract between the parties concerned the performance of interior construction work on Lazarus's veterinary clinic.  The contract contained an agreement to arbitrate and provided that the prevailing party, as determined by the arbitrator, would be entitled to an award of reasonable attorneys' fees and costs.  (R. Doc. 3 #11.)  Lazarus filed an adversary complaint against DeLotto, asserting several claims, the relevant one in this case being a claim for breach of the construction contract by failing to correct deficiencies in work performed by DeLotto's original general contractor.  DeLotto

2

responded by filing a motion to compel arbitration, which the bankruptcy court granted.

The arbitrator entered an award in favor of DeLotto that stated in part the following:

> This matter arises out of the incomplete construction of a veterinary clinic owned by the Claimant [Lazarus]. In November 2010, Claimant and DeLotto executed a construction contract ("Contract") for roughly $500,000 of primarily interior finish work on the single story structure (the "Project"). The evidence presented at the Hearing showed that the Contract was fraudulently procured by Claimant's managing member, Jarrod Lazarus. Therefore, based on the law as applied to the facts presented at the Hearing, the Contract is void *ab initio* and unenforceable. . . . Therefore, all claims against DeLotto and Safeco based on the Contract, together with all other claims not expressly addressed herein, are denied.

(R. Doc. 3-40) (internal citations omitted). The arbitrator found that the evidence supported an award in favor of DeLotto in the amount of $137,138.14, which represented the amount owed to DeLotto for work completed. The bankruptcy court confirmed in part and vacated in part the arbitration award to the extent that the arbitrator found that Lazarus fraudulently procured the construction contract. (R. Doc. 3-85). Lazarus appealed the partial confirmation, and the district court concluded that the arbitration award should have been confirmed in its entirety. (R. Doc. 3-145). Thus, the district court remanded the case with instructions that the bankruptcy court confirm the arbitration award in its entirety.

3

DeLotto then sought attorneys' fees in connection with the appeal based on a provision in the construction contract entitling the prevailing party to attorneys' fees. The district court denied the motion because it was untimely and there was no basis for an attorneys' fee award. Specifically, the district court found that because the arbitrator ruled that the construction contract was void *ab initio* and unenforceable, Delotto could not rely on a contractual term that provided for attorneys' fees. DeLotto sought clarification, and the district court responded that the ruling applied to attorneys' fees incurred in the district court and did not preclude DeLotto from seeking its non-appellate attorneys' fees. (R. Doc. 3-146).

DeLotto also moved in the bankruptcy court for an award of its post-petition attorneys' fees and costs incurred in connection with the arbitration proceeding as the prevailing party under the contract with Debtor and also for an allowance and payment of those fees and costs as an administrative expense or as an unsecured claim. The bankruptcy court conducted a hearing, stating in part the following:

> The fee application seeks an award of attorneys' [fees] and costs as the prevailing party with respect to a construction contract and litigation surrounding that contract that was the subject of a binding arbitration award. The application also seeks payment of these fees and costs as an allowed administrative expense claim or, alternatively, as a general unsecured prepetition claim. . . . I find that the law compels me to deny attorney's fees and costs on all three grounds. As to an award of fees and costs pursuant to the parties' construction contract, under both Florida and federal case law the American Rule applies. In accordance with this rule, each litigant pays his or her own

4

attorney's fees, win or lose, unless a statute or contract provides otherwise.

. . . .

[W]ith respect to the construction contract at issue here, the arbitrator expressly ruled that the contract between the parties was *void ab initio* because it was fraudulently procured by Lazarus's managing member. Under Florida law, a contract that is *void ab initio*, as if it was never legally created, cannot form the basis for an award of fees.

. . . .

Florida law does not follow the particular *Restatement (Second) of Contracts* Section 163 that was cited by the arbitrator, though, together with case law from jurisdictions outside of Florida. We don't follow those. But that's what the arbitrator chose and that particular conclusion of law was unchallenged. The arbitrator cited those for the proposition that fraudulent procurement of a contract results in the contract being *void ab initio*. . . . The law in this state is different – or at least the majority position is – and that appears to provide that: A contract procured by fraud may be subject to an election of remedies, either rescission or ratification.

. . . .

But nonetheless, the arbitrator's ruling that the contract is *void ab initio* was appealed; the ruling was affirmed; and that's what constitutes the law of the case. . . . Under the "law of the case doctrine," trial and appellate courts are generally bound by the factual findings and legal conclusions made by the appellate courts in a prior appeal of the case at issue.

Layering on top of the arbitrator's award is also Judge Merryday's decision. So I have to deny relief regarding the request for recovery of attorney's fees and costs under the parties' construction contract and the attorney fee provision in there. . . . Had DeLotto not sought a ruling that the contract was *void ab initio* or had the arbitrator applied

Florida case law, DeLotto would likely have prevailed on its claim for attorney's fees.

(R. Doc. 3-170, p. 4-12).  The bankruptcy court also rejected DeLotto's other arguments regarding its entitlement to attorney's fees and costs: (1) allowance as an administrative claim; and (2) allowance as fees incurred post-petition on an unsecured pre-petition claim.  DeLotto appealed the bankruptcy court's order to the district court, which affirmed.  It is this order that is before us on appeal.

## II.

When reviewing an order of the district court entered in its role as an appellate court reviewing the bankruptcy court's order, this court "independently examine[s] the factual and legal determinations of the bankruptcy court and employ[s] the same standards of review as the district court." *In re Int'l Admin. Servs., Inc.*, 408 F.3d 689, 698 (11th Cir. 2005).  Generally, we review *de novo* any determinations of law, whether by the bankruptcy court or district court, and we review the bankruptcy court's findings for clear error.  *Id.*  We are reluctant to disturb a bankruptcy court's judgment.  *See In re: Optical Techns., Inc.*, 425 F.3d 1294, 1300 (11th Cir. 2005).  We review for abuse of discretion a court's order denying the award of attorney's fees.  *See Friends of the Everglades v. S. Florida Water Mgmt. Dist.*, 678 F.3d 1199, 1201 (11th Cir. 2012).

## III.

6

A.  Fees under the construction contract

DeLotto contends that the bankruptcy court erred by not granting its motion for attorneys' fees and costs under the construction contract.  DeLotto relies heavily upon the arbitration award to support is claim of entitlement to attorneys' fees and costs.  However, the language in the arbitration award does not provide for such recovery under the contract, but rather, articulates a basis for calculating an award of damages pursuant to an implicit quantum meruit recovery for work performed.  As such, the arbitrator awarded DeLotto $137,138.14, which represented the amounts for certain work completed under pay applications, and $41,786.24 that was held in escrow based on its right to recover funds for completed work under another pay application.  The arbitrator, however, denied all claims against DeLotto and Safeco based on the contract, together with all other claims not expressly addressed in its ruling.  Thus, in finding the contract void *ab initio*, the arbitrator expressly refused to attribute any award of damages to any contractual provision.  *See Pruco Life Ins. Co. v. Wells Fargo Bank, N.A.*, 780 F.3d 1327, 1332 (11th Cir. 2015) (finding that a "contract that is void *ab initio* is a contract that never existed").  With no binding contract, there cannot be a prevailing party attorney fee recovery under the contract.  *See David v. Richman*,

7

568 So. 2d 922, 924 (Fla. 1990) (holding that a party is precluded from claiming attorneys' fees under a contract which the court found never existed).

As both courts noted, the arbitration award was confirmed, so we are all bound by the arbitrator's conclusions made therein. Because the arbitrator found the construction contract to be void *ab initio*, DeLotto cannot enforce the prevailing party attorneys' fee provision of the construction contract. *See Katz v. Van Der Noord*, 546 So. 2d 1047, 1049 (Fla. 1989) (finding that the distinction between no contract at all and one that is unenforceable makes all the difference when parties enter into a contract that contains a provision for the recovery of attorney's fees). We conclude, as did the district court, that the bankruptcy court did not abuse its discretion in denying attorneys' fees to DeLotto under the construction contract. Therefore, we affirm the district court order affirming the bankruptcy court's order denying DeLotto attorneys' fees.

B.  Fees as an administrative expense

DeLotto contends that the bankruptcy court erred in denying its motion for attorneys' fees as an administrative expense. DeLotto claims to be entitled, under an alleged expansion in 11 U.S.C. § 503(b)(1)(A), to an administrative expense in the amount of $297,248.19, representing attorneys' fees and costs incurred in the post-petition arbitration with Lazarus. Section 503(b)(1)(A) provides, in relevant

8

part, that administrative expenses include "the actual, necessary costs and expenses of preserving the [bankruptcy] estate."  DeLotto refers to this alleged expansion as the "*Reading* exception" to 11 U.S.C. § 503(b)(1)(A), which it contends provides that a bankruptcy court has the independent discretion to award attorneys' fees as an administrative expense claim as an element of damages in a frivolous adversary proceeding.  *See Reading Co. v. Brown*, 391 U.S. 471, 88 S. Ct. 1759 (1968).  Like the district court, we reject this argument.

We find *Reading* to be distinguishable from the present case.  In *Reading*, the receiver was authorized to conduct the debtor's business, which included leasing an eight-story building that caught fire and destroyed the petitioner's adjoining property.  *Id.* at 473, 88 S. Ct. at 1761.  The petitioner filed a bankruptcy claim for the property damage, alleging that the damage was caused by the negligence of the receiver and the workman that the receiver employed.  The issue before the Court was whether the petitioner's tort claim should receive priority as an administrative expense.  *Id.* at 476, 88 S. Ct. at 1762.  The Court concluded that it should be considered an administrative expense because the damages that resulted from the negligence of the receiver acting within the scope of his authority gave rise to "actual and necessary costs" of a Chapter 11 case.  *Id.* at 485.

To the contrary in the present case, there is no negligence alleged by a receiver and DeLotto is not an innocent third party on Lazarus's property. DeLotto's fee motion arises out of damages that DeLotto claimed it sustained from a breach of contract action under a construction contract with Lazarus. Lazarus's refusal to pay some amounts was predicated on its assertion that DeLotto breached the contract first. As such, Lazarus's refusal and failure to pay DeLotto some amounts under the contract was not a consequence of Lazarus's negligence or its Chapter 11 filing. Moreover, DeLotto did not allege in its fee motion that such attorneys' fees and costs were actual, necessary costs and expenses of preserving the estate, as required by 11 U.S.C. § 503, to be considered administrative expenses.

DeLotto also argues that a claimant's attorneys' fees that result from a debtor's frivolous litigation should be deemed an administrative expense. Thus, DeLotto reasons that because the arbitrator found that Lazarus fraudulently procured the construction contract on which it sued DeLotto, Lazarus's claims were obviously frivolous. However, the bankruptcy court did not agree with this argument and so stated at the hearing. (R. Doc. 3-170, p. 12). DeLotto cannot demonstrate that the bankruptcy court's findings are clearly erroneous.

Moreover, DeLotto has not provided an independent basis for an award of attorneys' fees because it has not shown that courts within our circuit have found 11 U.S.C. § 503(b)(1)(A) to provide an independent basis for an award of attorneys' fees. In addition, DeLotto cannot show an independent basis for an award of fees because of the arbitrator's finding that the construction contract was void *ab initio*. The arbitration award in favor of DeLotto resulted in an award of non-contractual damages to DeLotto that are now relegated only to the status of a pre-petition general unsecured claim. *See In re Elec. Mach. Enters., Inc*., 371 B.R. 549, 550 (Bankr. M.D. Fla. 2007) ("The majority of courts that have considered whether an unsecured creditor is entitled to recover attorneys' fees and other post-petition costs and charges as part of its unsecured claim have concluded that unsecured and undersecured creditors are not entitled to recover post-petition attorneys' fees and similar costs.").

DeLotto is unable to demonstrate that it is entitled to an award of attorneys' fees based on the contract which the arbitrator found was void *ab initio* or on an independent basis. Accordingly, we conclude that the district court properly affirmed the bankruptcy court's order denying DeLotto's request for attorneys' fees. Therefore, we affirm the district court's order.

AFFIRMED.

11